[Civ. No. 4752.  Second Appellate District, Division Two.—August 28, 1924.]

## JOHN LAPIQUE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] CONTEMPT—ACTS PRIOR TO ORDER—NOTICE.—A judge of the superior court cannot be held guilty of contempt because of acts committed prior to the making of the order by the appellate court restraining the doing of such acts; neither can he be held guilty of contempt for doing such acts subsequent to the making of such order, but prior to service of a copy thereof upon him, in the absence of proof that he had notice or knowledge that the appellate court had made the order restraining the doing of such acts.

[2] ID.—DISOBEDIENCE OF ORDER OF APPELLATE COURT—ABSENCE OF DISRESPECT—GOOD FAITH.—Where a judge of the superior court, in violation of an order of the appellate court that he "desist from further proceedings" in a certain contempt proceedings, makes an order staying execution and directing the contemner to appear at a specified subsequent date, but such action is in good faith and the result of an honest, though erroneous, interpretation of the terms of the order of the appellate court and the law applicable thereto, and not by reason of any intentional disrespect for the appellate court or with any intention to disobey its mandate, the appellate court will not visit his action with any penalty.

(1) 13 C. J., p. 12, sec. 12 (Anno.), pp. 17, 18, sec. 22.  (2) 13 C. J., p. 45, sec. 61.

CONTEMPT PROCEEDING against Frank C. Collier, Judge of the Superior Court of Los Angeles County, for alleged disobedience of an order staying proceedings in a *certiorari* proceeding.  Order to show cause discharged.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Complainant.

Edward T. Bishop and Roy W. Dowds for Contemner.

FINLAYSON, P. J.—A writ of review was issued herein upon the petition of John Lapique asking us to annul an

order of the superior court for Los Angeles County adjudging him guilty of contempt. We have this day annulled that order (*ante,* p. 407 [229 Pac. 1010]). The writ of review was issued out of this court on May 19, 1924. It was directed to the superior court and to the Honorable Frank C. Collier, a judge thereof, commanding them to certify to this court, for hearing on May 27, 1924, a transcript of the record in the contempt proceedings against Lapique, and in the meantime "to desist from further proceedings in the matter so to be reviewed." The order which we were asked to annul was made by the superior court on May 15, 1924.

Lapique, claiming that Judge Collier is in contempt of this court, filed an affidavit herein on May 26, 1924, from which the following facts are made to appear: A copy of our writ of review was served upon Judge Collier on May 20, 1924, at about 11 o'clock in the forenoon. On the day preceding (whether before or after the issuance of our writ does not appear), the judge made and caused to be entered in the minutes of the superior court a purported order as follows: "Order of May 15, 1924, in re contempt of John Lapique is modified in that it is ordered that in event fine is not paid he shall be confined in the County Jail for a period of 5 days." Again, on the afternoon of May 20, 1924, the judge made and caused to be entered a further order as follows: "John Lapique is ordered to return into Court May 28, 1924, at 2 P. M., and stay of execution is continued to that time."

[1] No contempt of this court on the part of Judge Collier can be predicated of his order of May 19, 1924, purporting to modify the contempt order previously made by him. As we have pointed out, the modifying order was made by Judge Collier prior to the service of our writ of review, and Lapique's affidavit is barren of any statement showing or tending to show that when it was made the judge had any notice or knowledge that this court had issued its writ of review. Indeed, there is nothing in Lapique's affidavit to negative the possibility that the order was made prior to the issuance of our writ.

[2] There may be some question as to whether the other order made by Judge Collier, that of May 20, 1924, whereby Lapique was directed to return to the superior court on

May 28, 1924, and execution was stayed until that time, should be regarded as violative of our writ of review in so far as the latter operated as a supersedeas. But if it was a violation of our writ, and if Judge Collier was, therefore, technically guilty of a contempt of this court, we are satisfied that he acted in good faith, that his action was the result of an honest, though possibly erroneous, interpretation of the terms of the writ of review and of the law applicable thereto, and that it was not taken by reason of any intentional disrespect for this court or with any intention to disobey its mandate. For these reasons we are not inclined to visit his action with any penalty.

The citation directed to the Honorable Frank C. Collier and the order to show cause herein why he should not be punished for contempt are discharged.

Works, J., and Craig, J., concurred.

An application by petitioner for a hearing by the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1924.

All the Justices concurred.